# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITIMORTGAGE, INC.,
Appellant,
vs.
TRP FUND VI, LLC,
Respondent.

No. 71318

FILED

MAR 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

In October 2013, Noesis Property Acquisitions, LLC, (Noesis) purchased a property at a homeowners' association (HOA) foreclosure sale in Las Vegas, and thereafter filed a complaint seeking quiet title. Appellant CitiMortgage Inc., the record beneficiary of the deed of trust, and Noesis, filed competing motions for summary judgment. The district court denied appellant's motion and granted Noesis's motion, concluding that appellant did not have standing to raise the Federal Foreclosure Bar on behalf of the purported owner of the deed of trust and promissory note on the property, Fannie Mae. Appellant argues on appeal that it has standing as the contractually authorized servicer of Fannie Mae's loan to raise the Federal

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-11430

Foreclosure Bar, and that Fannie Mae has a protected property interest in the property without appearing in any publicly recorded instrument.[2]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2008) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757 (2017), this court held that loan servicers such as appellant have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae.

Here, the district court determined that the Federal Foreclosure Bar did not prevent the first deed of trust from being extinguished by the HOA's foreclosure sale because Fannie Mae's purported ownership of the loan secured by the deed of trust was not publicly recorded. However, this court has recognized that the record beneficiary need not be the actual owner of the loan. *In re Montierth*, 131 Nev. 543, 547-48, 354 P.3d 648, 650-51 (2015) (observing that even though a promissory note and accompanying deed of trust may be "split," the note nevertheless remains fully secured by the deed of trust when the record deed of trust beneficiary is in an agency relationship with the note holder). Accordingly, the district

---

[2]Respondent TRP Fund VI, LLC purchased the property from Noesis during the pendency of this appeal. To avoid confusion, we refer to Noesis as the respondent in this order.

court's legal basis for granting summary judgment on Noesis's quiet title claim was erroneous.

Appellant argues that Fannie Mae has a protected property interest in the property without appearing in any publicly recorded instrument. Respondent contends that NRS 106.220[3] and NRS 111.325 required appellant or Fannie Mae to record an assignment demonstrating Fannie Mae's interest in the deed of trust, but we disagree. We conclude that NRS 111.325 does not support respondent's position that the purported transfer of the loan to Fannie Mae needed to be recorded. *Montierth*, 131 Nev. at 547-548. 354 P.3d at 650-51; *Federal Home Loan Mortgage Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018) ("[U]nder Nevada law, the note owner's name need not appear in the mortgage's recording."); *id.* at 1150 ("Further, [the Housing and Economic Recovery Act, 12 U.S.C. § 4511 *et seq.*] does not require [Fannie Mae] to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship."); *G & P Investment Enterprises, LLC v. Barney*, 740 Fed.Appx. 563, 564 (9th Cir.

---

[3]Respondent raises NRS 106.220 for the first time on appeal, so we need not address its applicability here. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Nonetheless, this statute does not support respondent's position that the purported transfer of the loan to Fannie Mae needed to be recorded. In particular, because Fannie Mae purportedly acquired the loan in 2003, the pre-2011 version of NRS 106.220 applies in this case. *See* 2011 Nev. Stat., ch. 81, § 14.5, at 339 (stating the statutory amendment to NRS 106.220 applies to instruments made on or after July 1, 2011). That version of the statute provided that "[a]ny instrument by which any mortgage or deed of trust of, lien upon or interest in real or personal property is subordinated or waived as to priority, *may . . . be recorded.*" NRS 106.220(1); 1965 Nev. Stat., ch. 353, § 15, at 925 (emphasis added).

2018); *Nevada Sandcastles, LLC v. Nationstar Mortgage, LLC*, No. 2:16-cv-01146-MMD-NJK, 2019 WL 427327, at *3 (D. Nev. Feb. 4, 2019). With respect to NRS 111.325, we note that the deed of trust in this case states it is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT." In light of this publicly recorded language, we cannot conclude that Noesis purchased the property without notice of Fannie Mae's potential interest in the property such that respondent should be afforded protection under NRS 111.325 from the Federal Foreclosure Bar. *Cf. JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 & n.1 (D. Nev. May 1, 2018) (noting and rejecting similar argument respecting NRS 111.325 based in part on comparable language in the deed of trust).

Appellant next contends that it introduced admissible evidence demonstrating that Fannie Mae owned the loan and that it was Fannie Mae's contractually authorized loan servicer. We conclude that Carrie Coffee's declaration, John Curcio's declaration, and business records from appellant and Fannie Mae showing that both entities have confirmed appellant's status as Fannie Mae's loan servicer, combined with the authorizations in the Fannie Mae Servicing Guide that are generally applicable to Fannie Mae's loan servicers, was sufficient to show that appellant was authorized to assert the Federal Foreclosure Bar on Fannie Mae's behalf. *Cf. Berezovsky v. Moniz*, 869 F.3d 923, 932-33 & n.8 (9th Cir. 2017) (determining similar evidence was sufficient to establish Freddie Mac's contractual authorization of its loan servicer in the absence of contrary evidence).

Accordingly, the district court erred when it determined that Noesis took title to the property without being subject to the first deed of trust.[4] We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver


cc:     Hon. Gloria Sturman, District Judge
        Ara H. Shirinian, Settlement Judge
        Akerman LLP/Las Vegas
        Hong & Hong
        Fennemore Craig P.C./Reno
        Arnold & Porter Kaye Scholer LLP
        Eighth District Court Clerk

---

[4]We decline to address respondent's argument that appellant violated NRS 205.395 because it was not timely raised and not cogently argued before this court. *Edwards v. Emperor Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006); *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.