**134 Nev., Advance Opinion 36**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 9641
CHRISTINE VIEW,
Appellant,
vs.
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
Respondent.

No. 69419

**FILED**

MAY 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion for summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Affirmed.*

Kim Gilbert Ebron and Karen L. Hanks and Jacqueline A. Gilbert, Las Vegas; Law Offices of Michael F. Bohn, Ltd., and Michael F. Bohn, Las Vegas,
for Appellant.

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Aldridge Pite, LLP, and Jory C. Garabedian, Laurel I. Handley, and Anthony R. Sassi, Las Vegas,
for Respondent.

Arnold & Porter LLP and Michael A.F. Johnson and Howard N. Cayne, Washington, D.C.; Fennemore Craig P.C. and Leslie L. Bryan-Hart and John D. Tennert, Reno,
for Amicus Curiae Federal Housing Finance Agency.

BEFORE THE COURT EN BANC.

18-18816

*OPINION*

By the Court, DOUGLAS, C.J.:

In 2008, the Federal Housing Finance Agency (FHFA) placed respondent Federal National Mortgage Association (Fannie Mae) into conservatorship pursuant to the Housing and Economic Recovery Act (HERA). As conservator, the FHFA is authorized to take over and preserve Fannie Mae's assets and property. When the FHFA is acting as a conservator, 12 U.S.C. § 4617(j)(3) (the Federal Foreclosure Bar) protects its property from nonconsensual foreclosure. In this case, we must decide whether a regulated entity like Fannie Mae has standing to assert the Federal Foreclosure Bar in a quiet title action and, if so, whether the Federal Foreclosure Bar preempts NRS 116.3116, which allows a homeowners' association foreclosure on a superpriority lien to extinguish a first deed of trust. We answer both questions in the affirmative and further hold that the Federal Foreclosure Bar invalidates any purported extinguishment of a regulated entity's property interest while under the FHFA's conservatorship unless the FHFA affirmatively consents. We therefore affirm.[1]

*FACTS AND PROCEDURAL HISTORY*

Don and Rieta Moreno (the Morenos) obtained a home loan in the amount of $174,950 from Countrywide Home Loans, Inc., that was secured by a deed of trust on a property located in Las Vegas. The deed of trust was recorded and named Mortgage Electronic Registration Systems,

---

[1]We previously issued our decision in this matter in an unpublished order. Cause appearing, we grant Fannie Mae and its amicus curiae FHFA's motion to reissue the order as an opinion, *see* NRAP 36(f), and issue this opinion in place of our prior order.

 

Inc., as the beneficiary. Respondent Fannie Mae was subsequently assigned the deed of trust.

Appellant Saticoy Bay LLC Series 9641 Christine View (Saticoy Bay) purchased the property at an HOA foreclosure sale for $26,800 after the Morenos failed to pay their HOA dues. Thereafter, Saticoy Bay brought suit against Fannie Mae, among others, to quiet title. Both parties filed motions for summary judgment. The district court granted Fannie Mae's countermotion for summary judgment, concluding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116, and thus, the foreclosure sale did not extinguish Fannie Mae's deed of trust without the FHFA's consent. Because the district court found that the FHFA did not consent to the foreclosure sale, Saticoy Bay's interest in the property was subject to the deed of trust. Saticoy Bay now appeals the district court's order.

## DISCUSSION

### Standard of review

Issues of standing and whether a federal statute preempts state law are questions of law subject to de novo review. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011); *Nanopierce Techs., Inc. v. Depository Tr. & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007). In addition, a district court's grant of summary judgment is reviewed de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*; *see also* NRCP 56(c). When deciding a summary judgment motion, all evidence "must be viewed in a light most favorable to the nonmoving party." *Wood*, 121 Nev. at 729, 121 P.3d at 1029. General allegations and

conclusory statements do not create genuine issues of fact. *See id.* at 731, 121 P.3d at 1030-31.

*Fannie Mae has standing to invoke the Federal Foreclosure Bar*

Saticoy Bay argues that Fannie Mae lacks standing to assert that the Federal Foreclosure Bar preempts NRS 116.3116 because (1) HERA only protects the property of the FHFA, and (2) the FHFA is not a party to this case. Fannie Mae argues that it has standing to assert the Federal Foreclosure Bar because private parties routinely invoke federal statutory protections in purely private litigation. We conclude that Fannie Mae has standing to invoke the Federal Foreclosure Bar.

"To have standing, the party seeking relief [must have] a sufficient interest in the litigation, so as to ensure the litigant will vigorously and effectively present his or her case against an adverse party." *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev., Adv. Op. 34, 396 P.3d 754, 756 (2017) (internal quotation marks omitted). This court has already addressed Saticoy Bay's arguments by necessary implication in *Nationstar Mortgage.* This court held that the servicer of a loan owned by a regulated entity may argue that the Federal Foreclosure Bar preempts NRS 116.3116, even though the FHFA was not a party to the case. *Id.* at 756, 758. Certainly, a regulated entity whose property interest *is* at stake is entitled to assert that the Federal Foreclosure Bar preempts NRS 116.3116 on its own behalf.

Moreover, we must afford a statute its plain meaning if its language is clear and unambiguous. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). HERA's statutory language is clear. The statute's plain language provides that when the FHFA is acting as a conservator, it shall "immediately succeed to . . . the

assets of the regulated entity." 12 U.S.C. § 4617(b)(2)(A)(i). Another provision of HERA states that the Federal Foreclosure Bar applies "with respect to the [FHFA] in any case in which the [FHFA] is acting as a conservator or a receiver." 12 U.S.C. § 4617(j)(1). According to the plain language of the statute, Fannie Mae's property interest effectively becomes the FHFA's while the conservatorship exists. Thus, the Federal Foreclosure Bar protects Fannie Mae's deed of trust while Fannie Mae is under the conservatorship.

Based on the foregoing, the district court properly concluded that Fannie Mae had standing to assert that the Federal Foreclosure Bar preempts NRS 116.3116.

*The Federal Foreclosure Bar preempts NRS 116.3116*

Saticoy Bay argues that the Federal Foreclosure Bar does not preempt NRS 116.3116.[2] Fannie Mae argues that NRS 116.3116 conflicts with Congress's clear purpose of the Federal Foreclosure Bar to protect the operations of Fannie Mae while under conservatorship.[3] We agree with Fannie Mae.

---

[2]Saticoy Bay also contends that the Federal Foreclosure Bar protects the FHFA's assets from state taxation and not foreclosure sales. We reject Saticoy Bay's argument according to the plain language of the Federal Foreclosure Bar, which states that "[n]o property of the [FHFA] shall be subject to . . . foreclosure." 12 U.S.C. § 4617(j)(3); *see Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017) (holding that the Federal Foreclosure Bar applies to foreclosure sales).

[3]Fannie Mae also argues that NRS 116.3116 violates the Due Process Clause of the United States and Nevada Constitutions. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 133 Nev., Adv. Op. 5, 388 P.3d 970, 971 (2017), forecloses that argument.

 

"The preemption doctrine, which provides that federal law supersedes conflicting state law, arises from the Supremacy Clause of the United States Constitution." *Nanopierce Techs., Inc. v. Depository Tr. & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007). Federal law may preempt state law even when federal statutory language does not expressly say so. *Id.* at 371, 168 P.3d at 79. That is, preemption may be implied when the federal law actually conflicts with the state law. *Id.* at 371, 168 P.3d at 80. "Even when implied, Congress's intent to preempt state law, . . . must be clear and manifest." *Id.* at 371-72, 168 P.3d at 79 (internal quotation marks omitted). "Conflict preemption analysis examines the federal statute as a whole to determine whether a party's compliance with both federal and state requirements is impossible or whether, in light of the federal statute's purpose and intended effects, state law poses an obstacle to the accomplishment of Congress's objectives." *Id.* at 371-72, 168 P.3d at 80.

We first must assess whether the Federal Foreclosure Bar expressly preempts NRS 116.3116 through clear and explicit preemption language, and we conclude that it does not. *See Davidson v. Velsicol Chem. Corp.*, 108 Nev. 591, 596, 834 P.2d 931, 934 (1992) ("Congress' silence cannot be ignored—it is inimical to a finding of express pre-emption.").

Therefore, the question is whether the Federal Foreclosure Bar implicitly preempts NRS 116.3116. The Federal Foreclosure Bar states that

---

In addition, Fannie Mae asserts that the foreclosure sale was commercially unreasonable. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1112 (2016). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* Here, we conclude that equitable grounds do not exist to warrant setting aside the foreclosure sale.

"[n]o property of the [FHFA] shall be subject to . . . foreclosure, . . . without the consent of the [FHFA]." 12 U.S.C. § 4617(j)(3). As a conservator, the FHFA is tasked with taking action "necessary to put the regulated entity in a sound and solvent condition" and "appropriate to carry on the business of the regulated entity and preserve and conserve the assets and property of the regulated entity." 12 U.S.C. § 4617(b)(2)(D). In contrast, NRS 116.3116 allows homeowners' association foreclosures to automatically extinguish Fannie Mae's property interest without the FHFA's consent by granting the association a superpriority lien. *See* NRS 116.3116(2). NRS 116.3116 is in direct conflict with Congress's clear and manifest goal to protect Fannie Mae's property interest while under the FHFA's conservatorship from threats arising from state foreclosure law. As the two statutes conflict, the Federal Foreclosure Bar implicitly preempts NRS 116.3116 to the extent that a foreclosure sale extinguishes the deed of trust. Thus, the district court did not err in concluding so.

*The FHFA did not consent to the extinguishment of Fannie Mae's property interest*

Saticoy Bay argues that the FHFA implicitly consented to the extinguishment of Fannie Mae's deed of trust during the foreclosure sale by failing to act. We disagree.

The Federal Foreclosure Bar cloaks the FHFA's "property with Congressional protection unless or until [the FHFA] affirmatively relinquishes it." *Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017). In other words, "the Federal Foreclosure Bar does not require [the FHFA] to actively resist foreclosure." *Id.* Here, the FHFA did not consent to the extinguishment of the deed of trust.

## CONCLUSION

Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment. Absent the FHFA's affirmative relinquishment, Saticoy Bay's interest in the property is subject to Fannie Mae's deed of trust. Therefore, we conclude the district court properly granted summary judgment in favor of Fannie Mae.

_____, C.J.
Douglas

We concur:

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich