# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC,
Appellant,
vs.
CHARLES E. RAAB, JR., AN
INDIVIDUAL,
Respondent.

No. 72347

FILED

FEB 2 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757 (2017), this court held that loan servicers such as appellant have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Here, and for reasons that are unclear, the district court declined to consider appellant's arguments and evidence relating to the Federal Foreclosure Bar. Accordingly, summary judgment for respondent may have been improper. *Cf. Yellow Cab of Reno, Inc. v. Second Judicial Dist. Court*, 127 Nev. 583, 592, 262 P.3d 699, 704 (2011)

19-07820

(observing that district courts have an obligation to decide issues that are fully briefed and presented for consideration). We decline to consider in the first instance the parties' remaining arguments relating to the Federal Foreclosure Bar, including respondent's argument that appellant should not be permitted to rely on untimely disclosed evidence. We additionally note that appellant's other argument on appeal does not warrant reversal. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression").[1] We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Nancy L. Allf, District Judge
     Akerman LLP/Las Vegas
     Greene Infuso, LLP
     Asim Varma
     Fennemore Craig P.C./Reno
     Eighth District Court Clerk

---

[1]We decline to address appellant's arguments regarding evidence of fraud, unfairness, or oppression. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).