# IN THE SUPREME COURT OF THE STATE OF NEVADA

M&T BANK,
Appellant,
vs.
WILD CALLA STREET TRUST,
Respondent.

No. 74715

FILED

MAR 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER REVERSING JUDGMENT AND REMANDING

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Reviewing the grant of summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the district court's judgment and remand for further proceedings.[1]

In 2006, a borrower obtained a loan to purchase property located at 10084 Wild Calla Street in Las Vegas, Nevada (the property). The borrower executed a deed of trust, and it was recorded in January 2007. The deed listed American Sterling Bank as the lender and Mortgage Electronic Recording System (MERS) as beneficiary solely as nominee for American Sterling Bank. Freddie Mac purchased the loan in March 2007 but did not change the named beneficiary or record its interest. The borrower eventually defaulted on the loan and the homeowners association

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 

(HOA) for the community commenced foreclosure proceedings. Respondent Wild Calla Street Trust later purchased the property at the HOA foreclosure sale for $6,600 and recorded the foreclosure deed six days after the purchase. After the HOA foreclosure sale, MERS assigned the deed of trust to appellant M&T Bank. Wild Calla then sued M&T Bank to quiet title. The parties filed competing motions for summary judgment, and the district court ruled in favor of Wild Calla. This appeal followed.

M&T Bank argues that 12 U.S.C. § 4617(j)(3), commonly referred to as the Federal Foreclosure Bar (FFB), protected Freddie Mac's interest in the property such that the HOA sale could not extinguish Freddie Mac's rights and that the district court erred in concluding otherwise. The FFB prevents an HOA foreclosure sale from extinguishing a deed of trust when the Federal Housing Financial Agency (FHFA) or an entity in its conservatorship (here, Freddie Mac) owns the subject loan. 12 U.S.C. § 4617(j)(3). We recently held that the FFB implicitly preempts HOA lien foreclosures under NRS 116.3116. *See Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363, 367-68 (2018).[2]

In concluding that the FFB did not apply here, the district court determined that the HOA foreclosure sale extinguished Freddie Mac's interest because it did not record its interest before the sale. M&T Bank argues that this was error, and we agree. Both the district court and Wild Calla mistakenly relied on the 2011 version of NRS 106.210, the relevant

---

[2]We recognize that the district court did not have the benefit of our opinion in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363 (2018), when it ruled on the instant competing motions for summary judgment in 2017.

recording statute, to analyze whether Freddie Mac was required to record its interest. NRS 106.210 (2011) provides that "any assignment of the beneficial interest under a deed of trust *must* be recorded." (Emphasis added.) However, that language was not in effect when Freddie Mac obtained its interest in the deed in 2007. *See* 2011 Nev. Stat., ch. 81, § 14.5, at 339 (stating the statutory amendments to NRS 106.210 apply to assignments of interest made on or after July 1, 2011). The version of NRS 106.210 in effect in 2007 stated that an assignment "may" be recorded. *See* NRS 106.210 (1965). Accordingly, Freddie Mac's failure to record its interest has no bearing in this case.[3]

Moreover, in this context a note holder such as Freddie Mac need not be the beneficiary of record on a deed of trust so long as it has a principal-agent relationship with the named beneficiary. *In re Montierth*, 131 Nev. 543, 548, 354 P.3d 648, 651 (2015); *see Saticoy Bay*, 134 Nev., Adv. Op. 36, 417 P.3d at 366-67 (addressing Fannie Mae's standing to assert a violation of the FFB). Freddie Mac presented evidence of its ownership and relationship with M&T Bank and MERS through an employee affidavit; internal database printouts[4]; Freddie Mac's Single-Family Seller/Servicer

---

[3]Having determined that NRS 106.210 (1965) did not impose an absolute requirement to record, we decline to address Wild Calla's argument that the FFB does not preempt the recording statutes.

[4]Wild Calla contends that the database evidence lacked foundation. However, this argument appears to lack merit. *See Berezovsky v. Moniz*, 869 F.3d 923, 932 n.8 (9th Cir. 2017) (accepting as admissible evidence similar database printout evidence presented by Freddie Mac under the federal counterpart to NRS 51.135, Nevada's business-records exception to the rule excluding hearsay evidence); *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1044 (9th Cir. 2009) ("It is not necessary for each

Guide (Guide), which governs its agency relationship with its servicers, including M&T Bank; and the deed of trust itself that stated at the bottom of each page that the deed is a "NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS." *See Berezovsky v. Moniz*, 869 F.3d 923, 932-33 n.8, n.9 (9th Cir. 2017) (recognizing similar evidence as admissible and determining that it was sufficient to establish Freddie Mac's agency relationship with the loan servicer). Considering this evidence, we cannot agree with the district court that there was "no mention" of Freddie Mac's interest in the deed of trust. Nor can we agree with the district court's conclusion that Wild Calla had no notice of Freddie Mac's interest and is therefore a bona fide purchaser entitled to protection from the FFB.

We also reject Wild Calla's argument that either Freddie Mac or M&T Bank had to defend the interest and, that by failing to do so, Freddie Mac impliedly consented to the sale. The FFB provides that no Federal Housing Finance Agency (FHFA) property "shall be subject to . . . foreclosure . . . without the [FHFA's] consent." 12 U.S.C. § 4617(j)(3). This consent requirement "does not require [the FHFA] to actively resist foreclosure." *Saticoy Bay*, 134 Nev., Adv. Op. 36, 417 P.3d at 368 (quoting *Berezovsky*, 869 F.3d at 929). Thus, neither Freddie Mac nor M&T Bank had a duty to actively oppose the foreclosure sale and their failure to defend does not preclude the FFB from applying in this case.

We therefore

---

individual who entered a record . . . into the database to testify as to the accuracy of each piece of data entered.").

 

ORDER the judgment of the district court REVERSE AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Nancy L. Allf, District Judge
William C. Turner, Settlement Judge
Malcolm Cisneros/Las Vegas
Geisendorf & Vilkin, PLLC
Law Offices of Michael F. Bohn, Ltd.
Fennemore Craig P.C./Reno
Arnold & Porter Kaye Scholer LLP
Eighth District Court Clerk