# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 10371
CALYPSO CAVE,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 74038

**FILED**

SEP 1 2 2019

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment in a quiet title action.[1] Eighth Judicial District Court, Clark County; Joanna Kishner, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev., Adv. Op. 74, 426 P.3d 593, 596 (2018).

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (*Christine View*), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae), unless the federal entity explicitly consents to the foreclosure, *id.* at 274, 417 P.3d at 368. And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-38101

Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale and neither Fannie Mae nor respondent explicitly consented to the foreclosure sale. We decline appellant's invitation to imply Fannie Mae's consent to the foreclosure sale. *See Christine View*, 134 Nev. at 274, 417 P.3d at 368 (recognizing that Fannie Mae must give affirmative consent to a foreclosure under the Federal Foreclosure Bar).

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30 at 7-8 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Fannie Mae's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 8-11.[2] Accordingly, the

---

[2]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondent's evidence. 135 Nev., Adv. Op. 30 at 8 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:  Hon. Joanna Kishner, District Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Arnold & Porter Kaye Scholer LLP
Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.