# IN THE SUPREME COURT OF THE STATE OF NEVADA

RH KIDS, LLC,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY; AND MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.,
Respondents.

No. 76300

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent Nationstar have standing to assert the Federal Foreclosure

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38139

Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that Nationstar had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.

Appellant contends that Fannie Mae could not have owned the loan because Fannie Mae did not publicly record its ownership interest in the loan. But we recently held in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019), that Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan, and it logically follows from that decision that respondents' status as the recorded deed of trust beneficiaries does not create a question of material fact regarding whether Fannie Mae owns the subject loan in this case.[2] Appellant also raises arguments challenging the sufficiency of respondents' evidence demonstrating Fannie Mae's interest in the loan, but we recently addressed and rejected similar

---

[2]Appellant contends that Fannie Mae could not have owned the loan because the deed of trust assignment from MERS to Nationstar also purported to transfer the promissory note. However, this court recognized in *Daisy Trust* that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being negotiated to Freddie Mac. 135 Nev., Adv. Op. 30, 445 P.3d at 849 n.3. Section A2-1-04 of the Fannie Mae Servicing Guide, which is part of the record in this case, stands for the same proposition. Consequently, because the promissory note had already been negotiated to Fannie Mae at the time MERS executed the assignment, MERS lacked authority to transfer the promissory note, and the language in the assignment purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

arguments with respect to similar evidence. *Id.* at 850-51. Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[3]

_____ C.J.
Gibbons

_____ , J.
Stiglich

_____ , Sr. J.
Douglas

cc:   Hon. Stefany Miley, District Judge
Hong & Hong
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Arnold & Porter Kaye Scholer LLP/Washington DC
Eighth District Court Clerk

_____

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A