IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA SANDCASTLES, LLC,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 74693

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Kenneth C. Cory and Richard Scotti, Judges. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 

19-38132

court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.[2]

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's

---

[2]Appellant contends that Fannie Mae did not own the loan on the date of the foreclosure sale because the loan had been securitized. Even if the loan had been securitized, Fannie Mae still owned the loan by virtue of serving as the trustee for the pool of securitized loans. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144-46 (9th Cir. 2018). Appellant also contends that Fannie Mae could not have owned the loan because the deed of trust assignment from CitiMortgage to respondent also purported to transfer the promissory note. However, this court recognized in *Daisy Trust v. Wells Fargo Bank, N.A.* that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being negotiated to Freddie Mac. 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 n.3 (2019). Section A2-1-04 of the Fannie Mae Servicing Guide, which is part of the record in this case, supports the same proposition. Consequently, because the promissory note had already been negotiated to Fannie Mae at the time the deed of trust assignment was executed, CitiMortgage lacked authority to transfer the promissory note, and the language in the assignment purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

 

evidence demonstrating Fannie Mae's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence.[3] *Id.* at 850-51. Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc: Hon. Richard Scotti, District Judge
Hon. Kenneth C. Cory, District Judge
John Walter Boyer, Settlement Judge
The Wright Law Group
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Eighth District Court Clerk

---

[3]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondent's evidence. 135 Nev., Adv. Op. 30, 445 P.3d at 851 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.