# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC,
Appellant,
vs.
CARLSBAD HEIGHTS STREET TRUST,
Respondent.

No. 74000

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as appellant have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae.

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 

19-38146

Here, the district court determined that appellant did not produce admissible evidence showing that Freddie Mac owned the loan secured by the first deed of trust and therefore the Federal Foreclosure Bar did not protect the first deed of trust. We recently concluded that evidence like that proffered by appellant satisfied NRS 51.135's standard for admissibility and was sufficient to establish that Freddie Mac owned the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Consistent with that decision, we conclude that the district court abused its discretion in excluding appellant's proffered evidence.[2] *Id.* at 850 (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion).

The district court also determined that the Federal Foreclosure Bar did not protect the first deed of trust because Freddie Mac had not publicly recorded its ownership of the loan secured by the first deed of trust. But we concluded in *Daisy Trust* that Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan and that, consequently, an HOA foreclosure sale purchaser's putative status as a bona fide purchaser does not protect the purchaser from the Federal Foreclosure Bar's effect.[3] *Id.* at 849.

---

[2]To the extent respondent has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that appellant's proffered evidence was inadmissible.

[3]Although respondent contends that the November 2011 deed of trust assignment from Mortgage Electronic Registration Systems to Aurora Bank also assigned the underlying note, the assignment contains no such language.

In light of the foregoing, the district court's bases for granting summary judgment in respondent's favor were erroneous. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                                 Douglas

cc:     Hon. Joseph Hardy, Jr., District Judge
        Akerman LLP/Las Vegas
        Law Offices of Michael F. Bohn, Ltd.
        Arnold & Porter Kaye Scholer LLP
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.