IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
Appellant,
vs.
SATICOY BAY, LLC SERIES 1423
ORANGE JUBILEE,
Respondent.

No. 73087

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38138

250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as appellant have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae.

Here, the district court determined that the Federal Foreclosure Bar did not protect the first deed of trust because Fannie Mae had not publicly recorded its ownership of the loan secured by the first deed of trust. But we recently concluded that Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan and that, consequently, an HOA foreclosure sale purchaser's putative status as a bona fide purchaser does not protect the purchaser from the Federal Foreclosure Bar's effect. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). The district court additionally determined that application of the Federal Foreclosure Bar violated respondent's due process rights. However, we agree with the Ninth Circuit Court of Appeals' decision in *Federal Home Loan Mortgage Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147-51 (9th Cir. 2018), that (1) an HOA foreclosure sale purchaser does not have a constitutionally protected property interest in obtaining a property free and clear of a first deed of trust, and (2) in any event, the lack of a procedure to obtain the FHFA's consent only implicates an HOA's (and not a purchaser's) procedural due process rights.

The district court also determined that Fannie Mae could not have owned the loan because the 2013 deed of trust assignment from MERS to respondent also purported to transfer the promissory note. However, we recognized in *Daisy Trust* that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being

 

negotiated to Freddie Mac. 135 Nev. Adv. Op. 30, 445 P.3d at 849 n.3. Section A2-1-04 of the Fannie Mae Servicing Guide, of which we take judicial notice, NRS 47.130; NRS 47.170, stands for the same proposition. In this respect, the endorsements on the promissory note are consistent with Section A2-1-04. Consequently, because the promissory note had already been negotiated by the time MERS executed the 2013 deed of trust assignment, MERS lacked authority to transfer the promissory note, and the language in the assignment purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more."). We additionally disagree with respondent's argument that Fannie Mae did not own the loan because the loan had been securitized. *See Fed. Home Loan Mortg. Corp.*, 893 F.3d at 1144-46 (recognizing that Freddie Mac or Fannie Mae still owns a loan that has been securitized because they serve as the trustee for the pool of securitized loans).

Respondent also raises arguments challenging the sufficiency of appellant's evidence demonstrating Fannie Mae's ownership of the loan and appellant's status as the loan's servicer, but we recently concluded that evidence like that proffered by appellant satisfied NRS 51.135's standard for admissibility and was sufficient to establish both matters.[2] *Daisy Trust*, 130 Nev., Adv. Op. 30, 445 P.3d at 850-51. In light of the foregoing, the

---

[2]To the extent respondent raises arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that appellant's proffered evidence was inadmissible.

district court's stated bases for granting summary judgment in respondent's favor were erroneous, and affirming the summary judgment is not otherwise warranted.[3] We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:   Hon. Susan Johnson, District Judge
      Smith Larsen & Wixom
      Law Offices of Michael F. Bohn, Ltd.
      Fennemore Craig P.C./Reno
      Eighth District Court Clerk

---

[3]We decline to consider appellant's alternative arguments in support of invalidating the sale because the parties have not expressed a preference for whether respondent should take title subject to the deed of trust or whether the sale should be invalidated.

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.