IN THE SUPREME COURT OF THE STATE OF NEVADA

S&J INVESTMENTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; JOHN WHITEHOUSE, AN INDIVIDUAL; AND SANDY WHITEHOUSE, AN INDIVIDUAL,
Appellants,
vs.
WELLS FARGO BANK, N.A., A NATIONAL ASSOCIATION,
Respondent.

No. 76188

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (*Christine View*), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-03309

servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Fannie Mae's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 850-51.

Appellant additionally contends that application of the Federal Foreclosure Bar violated appellant's due process rights. However, we agree with the Ninth Circuit Court of Appeals' decision in *Federal Home Loan Mortgage Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147-51 (9th Cir. 2018), that (1) an HOA foreclosure sale purchaser does not have a constitutionally protected property interest in obtaining a property free and clear of a first deed of trust; and (2) in any event, the lack of a procedure to obtain the FHFA's consent only implicates an HOA's (and not a purchaser's) procedural due process rights. We similarly reject appellant's argument that respondent bore the burden of showing the FHFA *did not* consent to

the first deed of trust being extinguished. *Cf. Christine View*, 134 Nev. at 274, 417 P.3d at 368 (recognizing that the FHFA must "affirmatively relinquish[ ]" its rights under the Federal Foreclosure Bar for its property interest to be extinguished by a foreclosure sale (quoting *Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. (2017))). Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[2]

_____ , C.J.
Pickering

_____ J.
Gibbons

_____ , Sr. J.
Douglas

cc:    Hon. Tierra Danielle Jones, District Judge
       Ayon Law, PLLC
       Snell & Wilmer, LLP/Tucson
       Snell & Wilmer, LLP/Las Vegas
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.