IN THE SUPREME COURT OF THE STATE OF NEVADA

RH KIDS, LLC,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 77760

FILED

JAN 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal. Although we remind appellant's counsel of his obligation to submit briefs that are NRAP-compliant, we decline respondent's invitation to impose monetary sanctions.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-03257

of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.[2]

Appellant contends that Freddie Mac could not have owned the loan because respondent was the record deed of trust beneficiary, but we recently held that Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan.[3] *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency of respondent's evidence demonstrating Freddie Mac's interest in the loan, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 850-

---

[2]Appellant contends that Freddie Mac could not have owned the loan because the deed of trust assignments from MERS to BAC Home Loans and from BAC Home Loans to respondent also purported to transfer the promissory note. However, this court recognized in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 n.3 (2019), that Freddie Mac obtains its interest in a loan by virtue of the promissory note being negotiated to it. Consequently, because the promissory note had already been negotiated to Freddie Mac at the time the assignments were executed, MERS and BAC Home Loans lacked authority to transfer the promissory note, and the language in the assignments purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

[3]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that reversal is warranted.

Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Pickering

_____ J.          _____, Sr. J.
Gibbons                                Douglas

cc:     Hon. Timothy C. Williams, District Judge
        Hong & Hong
        Akerman LLP/Las Vegas
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.