# IN THE SUPREME COURT OF THE STATE OF NEVADA

THREE PALMS INVESTMENT GROUP, LLC,
Appellant,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 78225

**FILED**

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-23374

sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.

Appellant contends that Fannie Mae could not have owned the loan because Fannie Mae did not publicly record its ownership interest in the loan, but we recently held that Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019).[2] Appellant also appears to challenge the sufficiency and admissibility of respondent's evidence demonstrating Fannie Mae's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 234-36, 445 P.3d at 850-51. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Cadish

cc:     Hon. Kerry Louise Earley, District Judge
        Hong & Hong
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[2]It logically follows from *Daisy Trust* that respondent's status as the recorded deed of trust beneficiary does not create a question of material fact regarding whether Fannie Mae owns the subject loan in this case.

[3]In light of this disposition, we need not consider the propriety of the district court's determination that the sale should be set aside on equitable grounds.