IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMORGAN CHASE BANK, N.A.,
Appellant,
vs.
4029 GRANT HILL AVE TRUST,
Respondent.

No. 72918

FILED

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

We are not persuaded that the district court abused its discretion in determining that Ying Pan's declaration, which was devoid of any supporting documentation, was insufficient to establish that Fannie Mae owned the loan secured by the deed of trust on the date of the HOA's foreclosure sale.[2] *See M.C. Multi-Family Dev., LLC v. Crestdale Assocs.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion). Nor are we persuaded that the district court abused its discretion in declining to consider the declarations of Evan Grageda or John Curcio and the supporting documents that were produced for the first time in conjunction with appellant's NRCP 59(e) motion. *AA Primo Builders, LLC v.*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We do not construe the district court's summary judgment order as relying solely on the evidentiary presumption in NRS 47.250(4).

19-38147

*Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing for an abuse of discretion the district court's denial of an NRCP 59(e) motion). As the district court noted, that evidence was available to appellant at the time appellant filed its opposition and countermotion for summary judgment. *Cf. id.* at 582, 245 P.3d at 1193 (indicating that one of the grounds for granting an NRCP 59(e) motion is the presentation of "newly discovered or previously unavailable evidence" (internal quotation marks omitted)); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence."). Consequently, this court's decisions in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 417 P.3d 363 (2018), and *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846 (2019), do not provide a basis for reversing the summary judgment.

We also disagree with appellant's contention that our decision in *Facklam v. HSBC Bank USA*, 133 Nev. 497, 401 P.3d 1068 (2017), implicitly overturned the holding in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), that "action" as used in NRS 116.3116(2) can mean a nonjudicial foreclosure. The holding in *SFR Investments* was based on the interpretation of the Uniform Common Interest Ownership Act (UCIOA), not on NRS 11.090(1)(b), and the UCIOA makes clear that its use of "action" includes a nonjudicial foreclosure. 130 Nev. at 752-54, 334 P.3d at 415-16.

Finally, we disagree with appellant's contention that the district court abused its discretion in denying appellant's request for an NRCP 56(f) continuance to conduct discovery into the commercial

reasonableness of the foreclosure sale. *Aviation Ventures v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (reviewing the decision to deny an NRCP 56(f) continuance for an abuse of discretion). Although appellant submitted an NRCP 56(f) affidavit, appellant represented to the district court (albeit incorrectly) at the June 2, 2016, hearing that appellant had not asked for an NRCP 56(f) continuance. Appellant then failed to correct this misrepresentation in its NRCP 59(e) motion practice. In light of these circumstances, we cannot conclude that the district court abused its discretion in denying appellant's request for an NRCP 56(f) continuance. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                         Douglas

cc:     Hon. Joseph Hardy, Jr., District Judge
        John Walter Boyer, Settlement Judge
        Smith Larsen & Wixom
        Law Offices of Michael F. Bohn, Ltd.
        Fennemore Craig P.C./Reno
        Arnold & Porter Kaye Scholer LLP/Washington DC
        Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.