# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 1011
RAINBOW ROCK,
Appellant,
vs.
GREEN TREE SERVICING LLC, N/K/A
DITECH FINANCIAL, LLC,
Respondent.

No. 76327

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-43958

250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.[2]

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect.[3] But we recently held that an

---

[2]Appellant contends that Fannie Mae could not have owned the loan because the deed of trust assignments from MERS to Bank of America and from Bank of America to respondent also purported to transfer the promissory note. However, this court recognized in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 n.3 (2019), that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being negotiated to it. Section A2-1-04 of the Fannie Mae Servicing Guide, which is part of the record in this case, supports the same proposition. In this respect, the blank endorsement on the note is consistent with Section A2-1-04. Consequently, because the promissory note had already been negotiated to Fannie Mae at the time the assignments were executed, MERS and Bank of America lacked authority to transfer the promissory note, and the language in the assignments purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

[3]Appellant's reliance on *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), is misplaced because the district court in this case did not grant respondent equitable relief. Rather, the district court determined that the deed of trust



HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Fannie Mae's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 850-51.[4] Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust.

We additionally note that the district court's judgment could be affirmed based on the superpriority tender by respondent's predecessor. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 118-21 (2018) (holding that a tender of the superpriority portion of an HOA's lien, accompanied by conditions upon which the tendering party has the right to insist, preserves the first deed of trust. We decline to consider appellant's tender-related arguments that were not raised in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981)

---

survived the foreclosure sale by operation of law (i.e., the Federal Foreclosure Bar).

[4]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondent's evidence. 135 Nev., Adv. Op. 30, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

SUPREME COURT
OF
NEVADA

(O) 1947A

(arguments raised for the first time on appeal are waived). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[5]

_____ C.J.
Gibbons

_____ , J.
Parraguirre

_____ , Sr. J.
Douglas

cc:    Hon. Ronald J. Israel, District Judge
       Janet Trost, Settlement Judge
       Law Offices of Michael F. Bohn, Ltd.
       Wolfe & Wyman LLP
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.