**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DITECH FINANCIAL, LLC, | No. 19-16368 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-02287-APG-NJK |
| v. | |
| RESOURCES GROUP, LLC, as Trustee of the Thompson Drive Trust, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| GRAPEVINE VILLAS HOMEOWNERS' ASSOCIATION, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

| | |
|---|---|
| DITECH FINANCIAL, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION, | No. 19-16427 |
| Plaintiffs-Appellees, | D.C. No. 2:17-cv-01823-JAD-CWH |
| v. | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

RESOURCES GROUP, LLC, as Trustee of
the Reber Dr. Trust,

   Defendant-Appellant.

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 11, 2020[**]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Defendant Resources Group, LLC, Trustee of the Reber Dr. Trust and the Thompson Drive Trust, (Resources Group) appeals the summary judgment entered in favor of Ditech Financial, LLC, (Ditech) and Federal National Mortgage Association (Fannie Mae) in two consolidated actions concerning non-judicial foreclosure sales arising from delinquencies in homeowners' association assessments. Reviewing de novo, Berezovsky v. Moniz, 869 F.3d 923, 927 (9th Cir. 2017), we affirm.

A.     The Reber Drive Property

_____

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

Fannie Mae purchased the Reber loan in August 2006.  Ditech began servicing the loan in 2013 and became the named Beneficiary by assignment recorded May 12, 2015.  When the owners of the Reber home fell behind on their assessments, the Grapevine homeowners' association (HOA) commenced nonjudicial foreclosure proceedings pursuant to Nevada state law.  Reber Dr. Trust purchased the property by paying the high bid at a public auction.

Reber Dr. Trust's interest in the Reber property is subject to Fannie Mae's deed of trust.  Under Nevada law, a properly conducted nonjudicial foreclosure sale by an HOA to enforce a super-priority lien extinguishes the first deed of trust. See Nev. Rev. Stat. § 116.3116; Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n, 417 P.3d 363, 365 (Nev. 2018) (en banc).  However, because the deed of trust belonged to Fannie Mae and the sale occurred while Fannie Mae was under the conservatorship of the Federal Hiring Finance Agency (FHFA) and without FHFA's consent, the Federal Foreclosure Bar shielded the security interest from extinguishment.

1.     The Federal Foreclosure Bar applies generally to private association foreclosures, supersedes Nevada's super-priority-lien law, and invalidates a homeowners' association's use of a state-sanctioned super-priority lien to foreclose on the FHFA's property without its consent.  12 U.S.C. § 4617(j)(3); Berezovsky, 869 F.3d at 931.  Fannie Mae has been in FHFA conservatorship since 2008. Fed.

3

Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC, 893 F.3d 1136, 1140 (9th Cir. 2018).

2. The servicer of a loan owned by an entity regulated by the FHFA has standing to assert the Federal Foreclosure Bar in a quiet-title action without joining FHFA as a party. See Berezovsky, 869 F.3d at 932.

3. In support of their motion for summary judgment, Fannie Mae and Ditech offered the affidavit of Graham Babin, Fannie Mae Assistant Vice-President, and corroborating business records to show that Fannie Mae had a valid and enforceable interest in the property and that Ditech was acting as Fannie Mae's agent and authorized loan servicer at the time of the HOA sale. Under Berezovsky, Fannie Mae's business records constitute sufficient evidence of Fannie Mae's ownership of the loan. Berezovsky, 869 F.3d at 932–33 & n.8.

4. Resources Group argues that Nevada law requires a "signed writing" for Fannie Mae to hold an interest in the deed of trust, citing Leyva v. National Default Servicing Corp., 255 P.3d 1275, 1279 (Nev. 2011). Leyva is inapplicable here because that case concerned Nevada's Foreclosure Mediation statute, Nev. Rev. Stat. section 107.086, and that statute was not implicated in the HOA foreclosure of the Reber property.

5. Resources Group contends that Fannie Mae's claim of ownership in the deed of trust was unrecorded and void under Nevada law, because Fannie Mae

4

is not identified as Lender on the Reber trust deed and there is no publicly recorded document showing ownership was transferred to Fannie Mae. But Nevada law does not require a recorded instrument to prove Fannie Mae's ownership of the Reber loan. Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846, 849 (Nev. 2019) (en banc); see also Berezovsky, 869 F.3d at 932 & n.8; SFR Invs. Pool 1, 893 F.3d at 1149.

6. Resources Group asserts that, under Nev. Rev. Stat. section 111.205(1), Fannie Mae was required to produce a signed writing in the form of the loan servicing agreement and the original promissory note to prove its claim of interest in the property. The Nevada Supreme Court ruled long ago that "[t]he defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest." Harmon v. Tanner Motor Tours of Nev., Ltd., 377 P.2d 622, 628 (Nev. 1963). Neither Resources Group nor Reber Dr. Trust was a party to the underlying loan agreement. As a result, Resources Group cannot raise the statute of frauds.

7. Resources Group argues that Nevada's bona fide purchaser laws support its claim to free-and-clear title to the Reber property. These arguments are unavailing. Nevada's bona fide purchaser laws are preempted to the extent that the laws would allow for the extinguishment of Fannie Mae's interest without FHFA's consent. Berezovsky, 869 F.3d at 931.

8.     Resources Group contends that Fannie Mae and FHFA implicitly consented to the extinguishment of Fannie Mae's interest during the foreclosure sale by failing to act. But "[t]he Federal Foreclosure Bar does not require [FHFA] to actively resist foreclosure." Berezovsky, 869 F.3d at 929. Absent FHFA's affirmative relinquishment, Resources Group's interest in the Reber property is subject to Fannie Mae's deed of trust. There is no evidence in the record of an affirmative act of consent by FHFA or Fannie Mae. Accordingly, the district court properly granted summary judgment on this issue.

B.     The Thompson Drive Property

Fannie Mae acquired ownership of the Thompson loan on December 1, 2002 and remains the owner. On May 1, 2014, Green Tree Servicing LLC (now known as Ditech) became Fannie Mae's authorized servicer, and an assignment was recorded February 18, 2015. When the owners of the Thompson Drive home fell behind on their assessments, the Grapevine HOA commenced nonjudicial foreclosure pursuant to Nevada state law. Prior to the foreclosure sale, counsel for Fannie Mae's agent and authorized servicer tendered nine months' worth of assessments to the HOA. The HOA proceeded with its foreclosure, and Thompson Trust obtained title to the property after paying the high bid at a public auction.

Ditech filed suit on September 21, 2018, seeking quiet title and declaratory relief that the Thompson deed of trust survived the nonjudicial foreclosure sale.

6

The district court granted Ditech's motion for summary judgment after finding that Ditech had tendered the super-priority amount and was entitled to judgment as a matter of law. Resources Group, as trustee for the Thompson Drive Trust, timely appeals contending the district court should be reversed, because the amount of the pre-sale tender by Fannie Mae's authorized servicer was insufficient to extinguish the super-priority lien.

1.      Resources Group did not raise this issue below, and it is thus waived. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1321 (9th Cir. 1998). But the arguments are without merit regardless.

2.      Resources Group contends that the district court was required to weigh the equities before it could find a valid tender of the super-priority portion of the lien, citing Shadow Wood Homeowners Ass'n v. New York Community Bancorp., 366 P.3d 1105 (Nev. 2016). Shadow Wood is inapplicable here, because the district court did not set aside the HOA foreclosure sale. Moreover, Ditech need not resort to equity to prevail on the issue of tender, as the valid tender discharged the super-priority lien "by operation of law." Bank of America v. SFR Investments Pool 1, 427 P.3d 113, 120 (Nev. 2018) (en banc).

3.      Resources Group claims that even if the tender satisfied the super-priority portion of the HOA lien, its status as a bona fide purchaser gives it title to the property free and clear of Ditech's interest. The Nevada Supreme Court has

7

held that bona fide purchaser status is irrelevant when the holder of a first deed of trust makes a valid tender of the super-priority portion of an HOA lien. <u>Id.</u> at 121. It does not matter that Ditech's predecessor did not record its claim of tender. Tendering the super-priority portion of an HOA lien "preserves a pre-existing interest [in property], which does not require recording." <u>Id.</u> at 119.

**AFFIRMED.**